## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| IOAN SAS, | ) | |
| | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | Civil Action No._____ |
| v. | ) | |
| | ) | |
| ER SOLUTIONS, INC. and | ) | |
| ARROW FINANCIAL SERVICES, | ) | |
| LLC, | ) | |
| | ) | |
| DEFENDANTS. | ) | <u>Jury Demanded</u> |

## <u>COMPLAINT</u>

Plaintiff, Ioan Sas, brings this action to secure redress from unlawful credit and collection practices engaged in by Defendant ER Solutions, Inc. and Arrow Financial Services, LLC. Plaintiff alleges violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

## <u>VENUE AND JURISDICTION</u>

1.      Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), and 28 U.S.C. § 1331, as Defendants do business in the State of Illinois.

2.      Venue in this District is proper because the occurrences that are the subject of this suit occurred here, and Defendants do business here.

## <u>PARTIES</u>

3.      Plaintiff, Ioan Sas ("Plaintiff") is a natural person, and resident of Cook County, Illinois, and a "consumer" as defined at 15 U.S.C. § 1692a(3) of the FDCPA.

4.      Defendant ER Solutions, Inc. ("ERS") is a Washington corporation with its principal place of business in Renton, Washington. Defendant transacts business in Illinois and holds a collection agency license from the state of Illinois.

5.      Defendant Arrow Financial Services, LLC, ("Arrow") is an Illinois limited liability company with its principal place of business in Niles, Illinois. Arrow acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts. From its headquarters in Niles, Illinois, Arrow operates a nationwide delinquent debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. Defendant transacts business in Illinois and holds a collection agency license from the state of Illinois. In fact, Defendant Arrow was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

6.      Defendant Arrow is a bad debt buyer that buys large portfolios of defaulted consumer debts for pennies on the dollar, which it then attempts to collect upon, at times through other collection agencies, such as Defendant ERS.

7.      Both Defendants are "debt collectors" as defined in the FDCPA.

## FACTS

8.      According to an agent or employee of ERS, Plaintiff incurred a Carson Pirie Scott credit card debt as the result of personal and household purchases, that later went into default. Plaintiff thus incurred an alleged consumer debt ("alleged debt").

9.      Upon information and belief, Arrow purchased the alleged debt after it had gone into default, and assigned the alleged debt to ERS for collection from the Plaintiff.

10.     In or around March, 2011, employees and/or agents of ERS began placing telephone calls to Plaintiff for the purpose of collecting the alleged debt.

11.     Employees and/or agents of ERS would harass Plaintiff by calling repeatedly on a daily basis in its attempts to collect the alleged debt. In fact, employees and/or agents of ERS placed telephone calls to Plaintiff on at least 20 occasions, each call being an attempt by employees and/or agents of ERS to collect the alleged debt.

12.     Employees and/or agents of ERS would call and then hang up after being connected to the Plaintiff.

13.     Employees and/or agents of ERS would not identify themselves as a debt collector during the pendency of some of the calls they placed to Plaintiff.

14.     Specifically, during the pendency of some of the calls to Plaintiff, employees and/or agents of ERS would ask Plaintiff to state his address and Social Security number, without first identifying themselves or stating they were a debt collector attempting to collect a debt.

15.     ERS did not, within 5 days of its initial communication with Plaintiff regarding the alleged debt, send Plaintiff a written notice informing him of his rights under § 1692g of the FDCPA.

16.     On March 30, 2011, Plaintiff faxed ERS a letter requesting verification of the alleged debt, and also stating "don't contact me in any way but to verify the debt in writing." (Exhibit A, letter to ERS dated March 30, 2011).

17.     ERS received said letter, attached hereto as Exhibit A, on March 30, 2011.

18.     Despite that ERS received Plaintiff's written demand that it cease communication with Plaintiff on March 30, 2011, it continued to place calls thereafter to Plaintiff for the purpose of attempting to collect the alleged debt, and has called Plaintiff as recently as June, 2011 to attempt to collect the alleged debt.

19.     Also, during the pendency of a telephone call that took place on June 23, 2011 between and employee and/or agent of ERS and Plaintiff, said employee and/or agent told Plaintiff that if he insisted on receiving a letter from ERS regarding the alleged debt, he will have to "pay more" to settle the alleged debt.

20.     ERS's collection actions made on behalf of Arrow, complained of herein, occurred within one year of the date of this Complaint.

21.     As a debt collector, Arrow may be held vicariously liable for ERS's collection activity. (See *Fox v. Citicorp Credit Services, Inc.*, 15 F.3d 1507 (9th Cir. 1994); *Pollice v. National Tax Funding, L.P.*, 225 F.3d 379 (3rd Cir. 2000) ).

22.     ERS's collection communications are to be interpreted under the "unsophisticated consumer" standard. (See *Gammon v. GC Services, Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994) ).

### COUNT I-FAIR DEBT COLLECTION PRACTICES ACT—ERS AND ARROW

23.     Plaintiff repeats, realleges, and incorporates by reference the foregoing paragraphs.

24.     Defendants' violations of the FDCPA include, but are not limited to:

     A.     Defendants violated § 1692c(c) when their employees and/or agents placed telephone calls to Plaintiff despite that he had requested in writing that Defendant cease further communication with respect to the alleged debt;

B.     Defendants violated § 1692d when their employees and/or agents placed repeated telephone calls to Plaintiff after he had requested, in writing, that they cease communication with him with respect to the alleged debt;

C.     Defendants violated § 1692d (5) when their employees and/or agents caused the telephone to ring repeatedly, often times hanging up after Plaintiff answered his telephone;

D.     Defendants violated § 1692d (6) when their employees and/or agents placed telephone calls to Plaintiff without disclosing their identity;

E.     Defendants violated § 1692e when their employees and/or agents deceptively placed repeated telephone calls to Plaintiff after he had requested, in writing, that they cease communication with him with respect to the alleged debt;

F.     Defendants violated § 1692e when, during the pendency of a telephone conference with Plaintiff relating to the alleged debt in which Plaintiff requested a letter outlining the alleged debt, one of their employees and/or agents falsely informed Plaintiff that he will pay more money to settle the alleged debt if ERS sends him a letter regarding the alleged debt;

G.     Defendants violated § 1692e(10) when their employees and/or agents deceptively continued to attempt to collect the alleged debt from Plaintiff via making repeated telephone calls to him after he had requested in writing that Defendants cease further communication with respect to the alleged debt;

H.     Defendants violated § 1692f when they unfairly continued to attempt collection of the alleged debt even after being informed in writing by Plaintiff to cease further communication, and thus by continuing to collect the alleged debt after the point in time that collection of the alleged debt was permitted by law;

I.     Defendants violated § 1692g when they failed to send Plaintiff a 30-day validation notice within five days of the initial communication with Plaintiff regarding the debt;

25.     As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to an award of actual damages, statutory damages, costs and reasonable attorney fees.

## REQUEST FOR RELIEF-FDCPA

WHEREFORE, Plaintiff requests that judgment be entered in his favor against

these Defendants for:

    A.    Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2);

    B.    Actual damages;

    C.    Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(2); and

    D.    Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

Ioan Sas,

By: /s/ M. Kris Kasalo
**The Law Office of M. Kris Kasalo, Ltd.**
**"A Consumer Protection Law Firm"**
1800 West Roscoe Street, Ste 409
Chicago, IL  60657
(312) 450-7849
(312) 698-5054
**mario.kasalo@kasalolaw.com**